# UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

| | |
|---|---|
| Mille Lacs Band of Ojibwe, et al.,<br><br>            Appellees,<br><br>v.<br><br>County of Mille Lacs, et al.,<br><br>            Appellants. | Nos. 23-1257, 23-1261, 23-1265 |

**Appellees' Designation of Record on Appeal and Transcripts**

Appellees Mille Lacs Band of Ojibwe, et al., submit this designation of the record on appeal and transcripts pursuant to the Court's February 9, 2023, Consolidated Briefing Schedule Order. 8th Cir. Dkt. Entry ID 5244390.

Appellants' Notification of Record on Appeal and Transcripts states that "Appellants intend to file a separate appendix under Eighth Circuit Rule 30(A)(b)(2)." 8th Cir. Dkt. Entry IDs 5248621, 5248732, 5248733 and 5248621 at 1, ¶ 1. Appellees have conferred with Appellants and Appellants have confirmed that they intended to refer to Eighth Circuit Rule 30A(b)(3), which provides that "Appellants may dispense with the process of preparing a joint appendix as set forth in FRAP 30(a) and (b) and submit a separate appendix with the opening brief."

The "process of preparing a joint appendix as set forth in [Fed. R. App. P.] 30(a) and (b)" includes the preparation by Appellants of a statement of issues and

the designation by Appellants and Appellees of the parts of the record to be included in the joint appendix. *See* Fed. R. App. P. 30(b)(1). In allowing Appellants to dispense with these requirements, Eighth Circuit Rule 30A(b)(3) instead allows Appellants and Appellees to include parts of the record of their choosing (subject, of course, to the limitations in Fed. R. App. P. 30(a)) in separate appendices filed with their opening and response briefs, respectively.

Here, while electing to prepare a separate appendix under Eighth Circuit Rule 30A(b)(3), Appellants also filed a statement of issues (8th Cir. Dkt. Entry ID 5248618) and designated parts of the record to be included in Appellants' separate appendix in their Notification of Record on Appeal (8th Cir. Dkt. Entry IDs 5248621, 5248732, 5248733 and 5248621 at 2-3, ¶ 2). Although, under Eighth Circuit Rule 30A(b)(2), it does not appear necessary for Appellees to submit a designation of parts of the record to be included in Appellees' separate appendix at this time, based on Appellants' Statement of the Issues[1] and the District Court Docket items

---

[1] Appellants' Statement of the Issues is extremely broad. The first issue is whether "the district court err[ed] in granting Appellees declaratory relief on their law enforcement interference claims." 8th Cir. Dkt. Entry ID 5248618 at 1, ¶ 1. Appellees' "law enforcement interference claims" were their only claims in the District Court, and the District Court's grant of declaratory relief on those claims was the only relief provided by the District Court. Accordingly, this issue potentially encompasses virtually every matter litigated in the District Court, including subject matter jurisdiction; justiciability (standing, ripeness and mootness); immunity, federalism and redundancy defenses; and the merits of Appellees' claims (including the existence of the Mille Lacs Indian Reservation, the scope of Appellees' law

designated by Appellants to be included in Appellants' Separate Appendix, Appellees designate the following items to be included in Appellees' Separate Appendix: District Court Docket Nos. 46, 50, 99 through 99-1, 130, 131, 132, 138, 150 through 150-52, 151, 152, 154 through 154-6, 155 through 155-4, 156, 157 through 157-1, 158 through 158-7, 159 through 159-2, 160, 174 through 174-8, 195 through 195-1, 196, 206, 208, 217, 226 through 226-21, 227 through 227-15, 228 through 228-13, 229 through 229-17, 230 through 230-3, 231 through 231-32, 232 through 232-27, 233 through 233-13, 234 through 234-14, 235 through 235-4, 236 through 236-3, 237 through 237-5, 250, 254 through 254-18, 255 through 255-39, 256 through 256-31, 265 through 265-1, 270 through 270-1, 290, 300, 309 through 309-10, 312, 313, 348, 349, and 350.

To the extent some of these items are included in Appellants' Addendum or Separate Appendix, Appellees will not include them in Appellees' Separate Appendix.[2] Further, to the extent some of these items are duplicates, Appellees will only include one copy of them in their Separate Appendix. And, to the extent some

---

enforcement authority within the Reservation, Appellants' interference with that authority, and the proper scope of relief).

[2] Conversely, Appellees reserve the right to include in their Separate Appendix parts of the record designated by Appellants but which Appellants do not include in their Separate Appendix.

of these items are not relevant to the issues actually raised in Appellants' opening brief(s), Appellees will not include them in their Separate Appendix.

In addition to the transcripts identified by Appellants,[3] Appellees designate the following transcripts to be included in the record on appeal. Appellees certify that these transcripts were previously ordered and are on file in the District Court:

Transcript of Motions Hearing held March 10, 2020 (Transcript filed Apr. 22, 2020, District Court Docket No. 131);

Transcript of Status Conference held November 15, 2021 (Transcript filed Nov. 18, 2021, District Court Docket No. 300); and

Transcript of Status Conference held November 2, 2022 (Transcript filed Nov. 4, 2022, District Court Docket No. 348)

Dated: March 2, 2023

Respectfully submitted,

LOCKRIDGE GRINDAL NAUEN P.L.L.P.
*/s Charles N. Nauen*
    Charles N. Nauen (#121216)
    David J. Zoll (#0330681)
    Arielle S. Wagner (#0398332)
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Tel:   (612) 339-6900
Fax:  (612) 339-0981
cnnauen@locklaw.com
djzoll@locklaw.com
aswagner@locklaw.com

---

[3] One of the transcripts identified by Appellants is "March 21, 2021 Hearing (Docket No. 284)." The transcript filed at District Court Docket No. 284 is the transcript of a March 15, 2021, Motions Hearing, which transcript was filed on March 22, 2021. Appellants have confirmed to Appellees that this is the transcript they intended to reference in their Notification.

ZIONTZ CHESTNUT
*s/ Marc Slonim*
    Marc Slonim, Of Counsel, WA Bar #11181
    Beth Baldwin, WA Bar #46018
    Wyatt Golding, WA Bar #44412
    Anna Brady, WA Bar #54323
2101 Fourth Ave., Suite 1230
Seattle, WA 98121
Phone: 206-448-1230
mslonim@ziontzchestnut.com
bbaldwin@ziontzchestnut.com
wgolding@ziontzchestnut.com
abrady@ziontzchestnut.com

*Attorneys for Appellees*